THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEDRO RIERA, Appellant.— Order of the Supreme Court, Queens County, dated June 27, 1966, reversed, on the law and the facts, sentence vacated and action remitted to said court for further proceedings in accordance herewith. In the absence of a proper psychiatric report pursuant to section 2189-a of the Penal Law, the sentencing court was without power to impose the one day to life sentence (*People* v. *Kearse,* 28 A D 2d 910). A proper examination and report should be made before defendant is resentenced. A hearing, as indicated in *People* v. *Bailey* (21 N Y 2d 588) and *People* v. *McCraw* (21 N Y 2d 588), shall also be accorded defendant. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN EUGENE RISTAU, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 23, 1963, convicting him, upon a jury's verdict, of murder in the first degree and sentencing him, on the jury's recommendation, to life imprisonment. Defendant's conviction was based, in part, upon admissions allegedly made in four statements elicited from defendant. On the trial, defendant contended, *inter alia,* that these statements had been coerced and that they were involuntary. The issue as to whether they were voluntary or involuntary was submitted to the jury. The action is remitted to the trial court for further proceedings in accordance with *People* v. *Huntley* (15 N Y 2d 72). The procedure prescribed in *People* v. *Korda* (24 A D 2d 577) should be followed. In the interim, determination of the pending appeal in this action will be held in abeyance. Beldock, P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.